UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANELY HENRIQUEZ,

                            Plaintiff,

                -against-

JEREMIAH RYAN,

                            Defendant.

25-CV-2126 (PAC)

ORDER OF DISMISSAL

PAUL A. CROTTY, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendant violated her federally protected rights. By order dated March 17, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted),

has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff Yanely Henriquez resides in the Bronx. She filed this complaint against Jeremiah Ryan, who is currently incarcerated in the Goshen Secure Center in Goshen, New York. Plaintiff alleges that on April 8, 2022, in Bronx County, Ryan fatally shot her 16-year-old daughter, Angellyh Yambo. (ECF 1 at 5.) Ryan was convicted of second-degree murder, and sentenced to 15 years to life in prison. (*Id.*) Plaintiff seeks to have the United States Department of Justice prosecute Ryan for violating Yambo's civil rights and violating the Gun-Free Schools Zone Act. (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## DISCUSSION

### A.    Claims seeking defendant's prosecution

Plaintiff seeks to have Defendant prosecuted for violating her daughter's civil rights. She cannot, however, initiate the arrest or prosecution of an individual because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff obtain an order directing prosecuting attorneys to initiate a criminal proceeding against Defendant. Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims seeking Defendant's prosecution because she cannot initiate criminal proceedings against Defendant.

### B.    Allegations of civil rights violations

The Court construes Plaintiff's civil rights claims as arising under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against Defendant under Section 1983.[2]

---

[2] The Court takes no position on the merits of any claims Plaintiff might assert in state court.

3

**C.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    September 8, 2025
          New York, New York

_____
          PAUL A. CROTTY
          United States District Judge